# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **NORITA THOMPSON and JARIE NEWBY, individually and on behalf of others similarly situated,** )<br>)<br>) CASE NO: 3:21-cv-402-GNS<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**LIFELINE HOMECARE, INC. and** )<br>**JAMES T. WILSON** ) **COLLECTIVE ACTION PURSUANT**<br>) **TO 29 U.S.C. §216(B)**<br>**Defendants.** ) | |

## INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Norita Thompson (hereinafter "Thompson") and Jarie Newby (hereinafter "Newby")(Thompson and Newby are collectively referred to as "Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys and for their Complaint against Lifeline Homecare, Inc. (hereinafter "Lifeline") and James T. Wilson (hereinafter "Wilson)(Lifeline and Wilson are collectively referred to as "Defendants"), states as follows:

## NATURE OF CLAIMS

1. Plaintiffs bring this collective action lawsuit on behalf of themselves and all those similarly situated who worked for Defendants in Kentucky as caregivers. This lawsuit seeks recovery of unpaid minimum and overtime wages owed to workers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*

2. Plaintiffs challenge Defendants' practice of not paying its non-exempt caregivers (including but not limited to employees who provided companionship services, domestic services, home care, and/or other in-home services), generally

referred to by Defendants as "Caregivers" (hereinafter "Caregivers"), the required minimum wage and overtime pay for all hours worked over forty (40) in a single workweek. Plaintiffs and other similarly situated Caregivers worked for Defendants and provided non-medical care to Defendants' clients. The work typically performed by Plaintiffs included bathing clients, cleaning the homes of clients, and picking up items at the store for clients. Defendants paid Plaintiffs, and those similarly situated Caregivers, based on the hours they were scheduled to be working for clients. Defendants did not compensate Plaintiffs and similarly situated Caregivers for all hours worked, rather, Defendants only compensated Caregivers for the hours Caregivers were scheduled to be performing services for clients. For example, if Newby was scheduled to be at a client's home for one hour, she was paid $10.10 for that time. If Newby was scheduled to be at a client's home for two hours, she was paid $20.20. However, Defendants' pay practice failed to capture and pay for the time Plaintiffs and those similarly situated Caregivers spent performing the following types of work: all actual work time spent with a client; all time spent traveling between patient home visits; and all time spent calling patients to schedule visits from the Caregivers' homes the night before each visit. By not capturing all this time worked for pay purposes, Defendants failed to pay Plaintiffs and similarly situated Caregivers for all overtime worked at one and one-half times their regular rate of pay, in violation of the FLSA and Kentucky law. Further, because Defendants paid Plaintiffs and similarly situated Caregivers at or around $10.00 an hour, Defendants' refusal to pay Caregivers any wages at all for significant compensable hours resulted in violations of the minimum wage provisions of the FLSA.

    2.    Plaintiffs plead their FLSA claim as a collective action under Section 216(b)

of the FLSA.

## THE PARTIES

3. At all relevant times hereto, Thompson resided in Marion County, Kentucky. Thompson's written consent is attached hereto as Exhibit 1.

4. At all relevant times hereto, Newby resided Marion County, Kentucky or Warren County, Kentucky. Newby's written consent is attached hereto as Exhibit 2.

5. Lifeline is a Kentucky corporation with its principal place of business located at 246 Poplar Avenue, Suite 3, Somerset, Kentucky. In addition to Lifeline's office in Somerset, Lifeline maintains offices in Maysville, Kentucky, Elizabethtown, Kentucky, Lexington, Kentucky, and Bowling Green, Kentucky. Lifeline is in the business of providing homecare services to clients throughout Kentucky. Lifeline acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and other similarly situated employees. Lifeline is an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

6. Wilson is the Chief Executive Officer, President, Secretary, Director and/or owner of Lifeline. Wilson is responsible for the day-to-day operations of Lifeline. Wilson is involved daily with operations, often speaking to clients, families and caregivers himself. In this capacity, Wilson has the authority to hire and fire employees, the authority to direct and supervise the work of employees (including the Plaintiffs in this case), the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and overtime payments. At all relevant times, Wilson acted and had responsibility to act on behalf, and in the interests of, Lifeline in devising, directing, implementing and supervising the wage and hour

practices and policies relating to employees, including the decision to not pay Plaintiffs and similarly situated employees the minimum wage and the overtime premium as required by the FLSA.   At all times relevant to this action, Wilson was an employer as defined in Section 203(d) of the FLSA, 29 U.S.C. §203(d).

7.Thompson was employed by Defendants as a Caregiver from approximately April 2019 to August 2019. During her employment, Thompson worked out of Defendants' Elizabethtown, Kentucky location.   Thompson performed work for Defendants throughout various counties within this judicial District.

8.Newby was employed by Defendants as a Caregiver from approximately July 2018 to February 2020. During her employment, Newby worked out of Defendants' Elizabethtown, Kentucky and Bowling Green, Kentucky locations.   Newby performed work for Defendants throughout various counties within this judicial District.

9.At all times relevant hereto, Plaintiffs and other similarly situated Caregivers were Defendants' "employees" pursuant to the FLSA, 29 U.S.C. § 203(e)(1).

10.At all times relevant hereto, Defendants were "employers" of Plaintiffs and other similarly situated Caregivers, as defined by the FLSA, 29 U.S.C. § 203(d).

11.During the course of Thompson's employment by Defendants, Thompson was not exempt from the overtime and minimum wage provisions of the FLSA.

12.During the course of Newby's employment by Defendants, Newby was not exempt from the overtime and minimum wage provisions of the FLSA.

13.Other similarly situated employees who worked for Defendants as Caregivers were not exempt from the overtime and minimum wage provisions of the FLSA.

14. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

15. Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

16. Defendants annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, within each of the last three (3) years.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over Plaintiffs' FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district, Defendants have business locations in this judicial district, and Defendants provide services to clients within this judicial district.

## FACTUAL BACKGROUND

19. Plaintiffs and other similarly situated individuals worked for Defendants as Caregivers and providing services to Defendants' clients throughout the entire state of Kentucky.

20. Defendants operate five Regional Office locations in Bowling Green, Elizabethtown, Maysville, Somerset, and Lexington.

21. Thompson worked out of Defendants' Elizabethtown Regional Office. Newby worked out of Defendants' Elizabethtown and Bowling Green Regional Offices.

22. Both Thompson and Newby worked for Defendants within the two-year period immediately preceding this Complaint.

23. Plaintiffs, as well as all current and former Caregivers, are not, and were not, compensated for all of their compensable hours worked.

24. Specifically, as Caregivers, Plaintiffs were required to visit numerous clients on a daily basis, but were not compensated for all hours worked in a continuous workday. An example of Defendants' policy in practice is as follows: Plaintiffs and other similarly situated Caregivers were required to begin their typical workday by traveling to the home of their first client of the day. Following completion of that first appointment of the day, Plaintiffs and other similarly situated Caregivers were required to travel to the home of the second client of the day and following completion of the second appointment, Plaintiffs and other similarly situated Caregivers were required to travel to the home of their third client of the day. This continued each workday until Plaintiffs and similarly situated Caregivers completed their last appointment of the day. Following their last appointment of the workday, Plaintiffs and similarly situated Caregivers were required to travel home. While at their own home and following their last appointment of the day, Plaintiffs and other similarly situated Caregivers were required to contact their clients for the following day in order to schedule their arrival times. Despite their compensable travel time between clients and their compensable time spent calling and scheduling appointments in the evenings, Plaintiffs and other similarly situated Caregivers were only paid their hourly rate (typically $10.00 or $10.10) for their scheduled time spent in a client's home each workday.

25. During her employment, Thompson regularly worked hours in excess of forty (40) in a single workweek.

26. During her employment, Newby regularly worked hours in excess of forty

(40) in a single workweek.

27. All hours, from the time that Plaintiffs and other similar Caregivers arrived at their first appointment of the day to the time they completed their telephone scheduling for the following workday, were compensable work hours under the FLSA.

28. Defendants did not and do not properly track all compensable hours worked by Plaintiffs and other similarly situated Caregivers.

29. Because Defendants do not pay them for all compensable hours worked, Plaintiffs and all other similarly situated Caregivers, are not, and were not, paid one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek as mandated by the FLSA.

30. Because Defendants do not pay them for all compensable hours worked, Plaintiffs and all other similarly situated Caregivers, are not, and were not, paid the minimum hourly wage for all hours worked in a workweek as mandated by the FLSA.

31. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that Defendants were legally required to comply with the minimum wage and overtime payment laws and recordkeeping laws of the FLSA.

32. During all relevant times, Defendants had knowledge of and acted willfully in regard to its conduct described herein.

33. Defendants' failure to compensate Plaintiffs and other similarly situated Caregivers as set forth above resulted in unpaid overtime wages.

34. Defendants' failure to compensate Plaintiffs and other similarly situated Caregivers as set forth above resulted in unpaid minimum wages.

**216(b) COLLECTIVE ACTION ALLEGATIONS FOR VIOLATION OF THE FLSA**

35. Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class.

36. Examples of employees that Defendants generally refer to as "Caregivers" and who may be members of the FLSA collective include, but may not be limited to, employees who provide companionship services, domestic services, home care, and other in-home services of Defendants.

37. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation and minimum wage compensation, liquidated damages and attorney's fees under the FLSA.   In addition to the Plaintiffs, numerous similarly situated Caregivers have been denied proper overtime and minimum wage compensation due to Defendants company-wide timekeeping and payroll policies and practices.   The Plaintiffs are representative of those similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

38. The identity of the putative FLSA collective members are known to Defendant and are readily identifiable through Defendants' payroll records.   These individuals may be readily notified of this action, and allowed to opt-into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorney's fees and costs under the FLSA.

**COUNT ONE:   FAILURE TO PAY OVERTIME WAGES
ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

39. Plaintiffs hereby incorporate by reference paragraphs 1 – 38 of this

Complaint.

40. During the relevant time period, Defendants have violated and are violating the provisions of Sections 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating these employees for their employment in excess of forty hours per week at rates no less than one and one-half the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs, and those similarly situated, in accordance with the law. Defendants have acted willfully in failing to pay Plaintiffs, and those similarly situated, in accordance with the law.

### COUNT TWO:   FAILURE TO MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

41. Plaintiffs hereby incorporate by reference paragraphs 1 – 40 of the Complaint.

42. During the relevant time period, Defendants have violated and are violating the provisions of 29 U.S.C. §206 by failing to comply with the minimum wage requirements of the FLSA.   Defendants have acted willfully in failing to pay Plaintif, and those similarly situated, in accordance with the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, demand judgment against Defendants in their favor and request that the Court grant the following relief:

a) An Order pursuant to Section 216(b) of the FLSA finding Defendants liable

for unpaid back wages due to Plaintiffs (and those who have joined the suit), in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiffs (and those who have joined the suit);

  b) An Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

  c) An Order awarding Plaintiffs (and those who have joined in the suit) their attorney's fees;

  d) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA.

  e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

  f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Robert J. Hunt
Robert J. Hunt (KBA # 96764)
THE LAW OFFICE OF ROBERT J. HUNT, LLC
1905 South New Market Street, Ste 168
Carmel, Indiana 46032
Telephone: (317) 743-0614
Facsimile: (317) 743-0615
E-Mail: rob@indianawagelaw.com